**ALLIED ARTISTS PICTURES CORPO- RATION, Plaintiff,**

v.

**Claude A. GIROUX, Defendant.**

**No. 68–Civ. 2462.**

United States District Court, S. D. New York.

Feb. 2, 1970.

See also D.C., 50 F.R.D. 151.

Hughes, Hubbard & Reed, New York City, for plaintiff; by Robert J. Sisk, Douglas F. Eaton, New York City, of counsel.

Epstein & Furman, New York City, for defendant; by Bernard Furman, New York City, of counsel.

CROAKE, District Judge.

MEMORANDUM

Plaintiff, Allied Artists Pictures Corporation [Allied] brings this action under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), against defendant Claude A. Giroux [Giroux], the former chairman of Allied. Plaintiff seeks to recover "short swing" profits from Giroux who was the owner of more than ten percent of Allied's preferred stock at the time in question.

During the fall of 1967, certain controversies took place among Allied, the present management of that corporation and its former management (including defendant Giroux). Those controversies

were resolved on October 16, 1967, at which time Allied gave defendant a general release.

The record indicates all parties to the settlement were aware that defendant held a large percentage of Preferred Stock in Allied, that he wanted to sell this stock, and that in order to do so lawfully, he might need a registration statement. Allied agreed to file such a registration statement if one were required. Subsequently, Giroux sold some of his stock without a registration statement in violation of § 16(b) of the Securities Exchange Act of 1934.

In his answer filed on June 12, 1969, Giroux asserts four affirmative defenses and a counterclaim for indemnification. The third and fourth defenses as well as the counterclaim, which are now at issue, are premised on allegations that Allied understood that Giroux "might wish promptly to sell shares of plaintiff's stock," and that Allied agreed that any such sales would not entitle Allied to recover any of the profits.

Giroux's third affirmative defense, based on an alleged waiver and release, claims that it was defendant's understanding that he could make sales of Allied's stock and that "said release was intended to constitute a waiver and release of any claims such as that which plaintiff now attempts to assert."

The fourth affirmative defense, based on estoppel, refers to the above-mentioned settlement and alleges that it was the agreement of the parties that Giroux could sell shares of Allied's stock free of the claims made herein.

In the counterclaim for indemnification, alleged as an alternative to the third and fourth defenses, Giroux claims that if it is held that Allied did not or could not release the claims now made by it, defendant "is entitled to judgment and/or an offset against plaintiff in precisely the same amount as any recovery which plaintiff is found to be entitled to under the cause of action asserted in its complaint."

The present motion brought on by plaintiff seeks an order:

(1) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure striking defendant's third and fourth defenses in their entirety, on the grounds that they are insufficient and immaterial;

(2) pursuant to Rule 12(b) (6), dismissing defendant's counterclaim, on the ground that it fails to state a claim upon which relief can be granted; and

(3) pursuant to Rule 30(b) staying discovery proceedings until this motion is decided.

A corporation is prohibited by Section 29(a) of the Securities Exchange Act of 1934 from waiving compliance with any of the provisions of the Act, including Section 16(b), which gives a corporation the right to recover profits from all insiders trading within less than a six-month period. Jefferson Lake Sulphur Co. v. Walet, 104 F.Supp. 20 (E.D.La. 1952), aff'd, 202 F.2d 433 (5th Cir.), cert. denied, 346 U.S. 820, 74 S.Ct. 35, 98 L.Ed. 346 (1953); Volk v. Zlotoff, 285 F.Supp. 650 (S.D.N.Y. 1968).

In accordance with the above sections, the Courts have held that no matter what the resulting "benefit" to the corporation, defenses to actions asserted under Section 16(b) based on waiver, release or estoppel, are insufficient as a matter of law. See, Magida v. Continental Can Company, 231 F.2d 843 (2d Cir. 1956), cert. denied, 351 U.S. 972, 76 S.Ct. 1031, 100 L.Ed. 1490 (1956); Volk v. Zlotoff, *supra*; Marquette Cement Mfg. Company v. Andreas, 239 F.Supp. 962 (S.D.N.Y. 1965).

Defendant bases its counterclaim in this action on the same void "general release" agreement alleged in its third and fourth affirmative defenses. Since such an agreement is unenforceable as a matter of law, it cannot result in indemnification for defendant. Consequently, the counterclaim of defendant fails to

state a claim upon which relief can be granted.

Accordingly, plaintiff's motion seeking to strike defendant's third and fourth defenses in their entirety and to dismiss defendant's counterclaim is granted.

So ordered.