**SPECIAL TRANSPORTATION SERV-ICES, INC., a Corporation, Plaintiff,**

v.

**Theodore BALTO, Defendant.**

**No. 4–70 Civ. 90.**

United States District Court, D. Minnesota, Fourth Division.

April 2, 1971.

Hvass, Weisman, King & Allen, by Gary C. Hoffman, Minneapolis, Minn., for plaintiff.

Schermer, Schwappach, Borkon & Ramstead, by John H. Ramstead, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Plaintiff's complaint alleges a sale by defendant to plaintiff of all of the issued and outstanding capital stock of Arrow Rent-A-Car, Inc. and Briar, Inc., both Minnesota corporations. The terms are contained in a formal written agreement and involved a transaction between two private parties and not on any securities exchange. Plaintiff claims defendant warranted the dollar net worth of the corporation as of a certain day, which representation was untrue. Jurisdiction of this court must depend solely on the 1933 and 1934 Securities Acts, for there is no diversity of citizenship. The first count in plaintiff's com-

plaint alleges a violation of 15 U.S.C. § 78j(b) which makes it a violation of the Act:

"To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

This has been held to apply to "face to face" negotiations and transactions outside the organized securities markets between private individuals in an isolated transaction for the sale of the entire capital stock of a corporation. Matheson v. Armbrust, 284 F.2d 670 (9th Cir. 1960), cert. denied 365 U.S. 870, 81 S.Ct. 904, 5 L.Ed.2d 860 (1961); Northern Trust Co. v. Essaness Theatres Corp., 103 F.Supp. 954 (N.D.Ill.1952). Although the complaint herein alleges that both plaintiff corporation and the defendant are citizens of Minnesota, defendant's motion does not attack jurisdiction for lack of the use of interstate commerce, nor did he so argue. See Rosen v. Albern Color Research, Inc., 218 F.Supp. 473 (D.C.Pa.1963). See also Securities and Exchange Commission v. Timetrust, Inc., 28 F.Supp. 34 (D.C.Cal. 1939); Holmes v. United States, 134 F. 2d 125 (8th Cir. 1943), cert. denied, 319 U.S. 776, 63 S.Ct. 1434, 87 L.Ed. 1722 (1943). If interstate commerce is indeed required but lacking, the court must of necessity await trial or the adducing of evidentiary facts in some manner before passing on this question.

Count II of plaintiff's complaint alleges a violation of 15 U.S.C. § 77q, a provision of the Securities and Exchange Act of 1933 which in many ways is similar to 78j(b).

The thrust of defendant's motion is that the August 2, 1968 contract of sale which governed the transaction in question contained a term providing a remedy for the seller in the event that the net worth did not in fact measure up to what was stated. The existence of this term, it is argued, operates to bar the buyer's statutory rights under the Securities and Exchange Acts. In other words he claims the parties to the contract agreed to substitute this contractual remedy for the protections of the statutes.

The contract (Exhibit A of the Complaint), reads in Paragraph 8A as follows:

"The Seller warrants and represents the following:

A. That the combined net worth of Arrow-Rent-A-Car, Inc. and Briar, Inc. as of April 30, 1968 per the books of the company was no less than Six Thousand Eight Hundred Fifty Dollars ($6,850.00) and that said net worth through this date has not decreased to less than said amount, said net worth to be determined in accordance with the accounting principles ordinarily applied in keeping the records of the two (2) said corporations; *in the event of any deficiency in net worth less than Six Thousand Eight Hundred Fifty Dollars ($6,850.-00), Seller agrees to a reduction of the purchase price hereunder by said deficiency with the amount thereof to be applied to the last payment due under the aforesaid note."* [Emphasis added]

While the plaintiff's complaint does not allege with specificity which figures in the contract it contends were misrepresented, it appears from the statements of plaintiff's counsel that net worth was allegedly overstated by dint of certain unrecorded liabilities.

In the first place, plaintiff demands $66,430.00 plus interest and costs as damages for the alleged misrepresentation. From the face of the complaint, then, which for purposes of this motion must be accepted as factual, the deficiency was well in excess of the $6,850.-00 amount referred to in Paragraph 8A of the contract. Thus the remedy there

described does not by its own terms apply.

Second, as plaintiff has argued, the Securities and Exchange Act of 1934 appears expressly to prohibit any such contractual waiver of the liabilities imposed by the Act. 15 U.S.C. § 78cc(a) reads:

> "Any condition, stipulation, or provision binding any person to waive compliance with any provision of this chapter or of any rule or regulation thereunder, or of any rule of an exchange required thereby shall be void."

Similarly, the Securities Act of 1933 contains a provision prohibiting the contractual waiver compromise of liabilities created by that statute. 15 U.S.C. § 77n. Its purpose and effect are discussed in Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); Can-Am Petroleum Co. v. Beck, 331 F.2d 371 (10th Cir. 1964). Courts have considered these two provisions, 15 U.S.C. § 77n and 15 U.S.C. § 78cc(a), to be counterparts, and construed them to forbid the same kinds of contractual provisions. Moran v. Paine, Webber, Jackson & Curtis, 389 F.2d 242, 245 (3d Cir. 1968); Colonial Realty Corp. v. Bache & Co., 358 F.2d 178, 183, n. 5 (2d Cir. 1966) Thus, to the extent that the contractual remedy sought by defendant to be substituted for the statutory remedies for an understatement of net worth would operate to diminish plaintiff's recovery for such an understatement, it is clearly void under Section 78cc(a) above.

Pearlstein v. Scudder & German, 429 F.2d 1136 (2d Cir. 1970), and Schine v. Schine, 254 F.Supp. 986 (S.D.N.Y.1966), illustrate the proposition that parties to a contract for the sale of securities, which sale would otherwise be subject to the federal securities laws, cannot agree to exempt their transaction from the coverage of those laws. This general principle, as embodied in § 78cc(a), certainly applies *a fortiori* to a contract which does not expressly waive statutory liabilities but operates to do so by indirection. A buyer of securities cannot contract to waive, release, or compromise subsequently maturing claims under the federal securities laws, whether that waiver is conscious or inadvertent. Allied Artists Pictures Corp. v. Giroux, 312 F.Supp. 450 (S.D.N.Y. 1970).

Thus, as a matter of construction, the contract may not in fact have been intended to waive all statutory liabilities merely by the existence of the provision of Paragraph 8A for adjustment but in any event and even if the contract can be read to contemplate such a waiver, § 78cc(a) renders it to that extent void.

A separate order has been entered denying defendant's motion to dismiss.